UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS HERNANDEZ VILLA,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-09105-DAD-CKD

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*

(Doc. No. 1)

On November 4, 2026, petitioner Carlos Hernandez Villa filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On November 6, 2026, in light of petitioner's *pro se* status and request for expedited relief, the court construed the petition as including a motion for temporary restraining order, set a briefing schedule as to petitioner's motion for temporary restraining order, and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In that same order, the court directed that in the event respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

/////

On November 10, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 5.) Therein, respondent does not object to the court ruling on the merits of the *habeas* petition. (*Id.* at 1.) Respondent also seemingly concedes that this case is not substantively distinguishable from the cases cited in the court's November 6, 2026 order (Doc. No. 4). (*See id.* at 3.) Still, respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and that the appropriate remedy is limited to granting petitioner a bond hearing. (*Id.* at 1–3.) Respondent also argues that the petition should be dismissed because petitioner has failed to exhaust his administrative remedies before filing a habeas petition. (*Id.* at 4.)

Based on the parties' submissions, the court finds the following facts. Petitioner entered the United States on June 22, 2024 with a valid B-2 visa, which expired on December 21, 2024. (Doc. Nos. 1 at 6; 5-1 at 2.) Petitioner remained in the United States after his visa expired and has a pending asylum application. (Doc. Nos. 1 at 6; 5-1 at 2.) On August 26, 2026, petitioner was detained by ICE during a traffic stop. (Doc. No. 1 at 6.) An administrative warrant was purportedly issued for petitioner's arrest, but respondent does not attach a Form I-200 to its opposition and petitioner claims he was never shown a warrant. (*Id.*; Doc. No. 5-1 at 3.) On or around August 27, 2026, ICE served petitioner with a Form I-826, the document that ICE officers complete after conducting an initial custody determination. (*Id.* at 5.) The I-826 reflects that petitioner requested a custody redetermination hearing before an IJ but has yet to receive such hearing.[1] (*Id.* at 4–5.)

As to respondent's exhaustion argument, petitioner challenges his detention on due process grounds. (Doc. No. 1 at 6–7.) The court incorporates its reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at

---

[1] The Form I-826 "provides the formal mechanism—a box the detainee may check—to immediately request a custody redetermination hearing (*i.e.* bond hearing) before an IJ." *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). "If the noncitizen checks this box, or otherwise requests a custody redetermination hearing, the noncitizen is entitled to such a hearing in immigration court." *Brito v. U.S. Immigr. and Customs Enf't.*, No. 1:26-cv-07869-DC-CSK, 2026 WL 3120979, at *2 (E.D. Cal. Oct. 19, 2026).

*2–3 (E.D. Cal. Apr. 21, 2026) (quoting *Hernandez v. Mullin*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026)) and concludes that waiver of exhaustion is appropriate where, as here, petitioner raises due process challenges to the procedures employed by immigration authorities.

As to the merits of petitioner's claim, the undersigned has previously explained that the government's failure to promptly provide a petitioner with a custody re-determination hearing after they request one violates due process. *Escamilla-Santiago v. Andrews*, No. 1:26-cv-07443-DAD-CSK (HC), 2026 WL 3206205, at *1–3 (E.D. Cal. Oct. 26, 2026). As noted, petitioner requested a custody redetermination hearing over two months ago and has yet to receive one. (Doc. No. 5-1 at 4–5.) Pursuant to the reasoning set forth in *Escamilla- Santiago*, the court concludes that petitioner's detention without being provided a prompt custody redetermination hearing after he requested one violates due process and will order immediate release. *See also Rosendo v. Andrews*, No. 1:26-cv-08803-TLN-AC, 2026 WL 3307040, at *2–3 (E.D. Cal. Nov. 2, 2026) (ordering immediate release after concluding that the government violated due process where it failed to provide a petitioner with a custody redetermination hearing for "nearly two weeks" after the petitioner requested one). In addition, the undersigned has previously explained that a petitioner may not be properly detained pursuant to § 1226(a) without a warrant. *See Mayen v. Warden, California City Det. Center*, No. 1:26-cv-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) (ordering immediate release of the petitioner). As explained above, the evidence before the court does not establish that petitioner was properly detained pursuant to § 1226(a) by way of a warrant.

**CONCLUSION**

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release Carlos Hernandez Villa, A-File No. 235-398-998, from respondent's custody;

/////

b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. The Clerk of the Court is directed to serve a copy of this order on the California City ICE Detention Facility; and

3. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 12, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE